UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CONWAY JEFFERSON,               )
                                )
         Petitioner,            )
                                )
    v.                          )     CAUSE NO. 3:14-CV-1729 WL
                                )
SUPERINTENDENT,                 )
                                )
         Respondent.            )

OPINION AND ORDER

Conway Jefferson, a *pro se* prisoner, is serving a 50-year sentence for being convicted of dealing cocaine in Marion County Superior Court. *State v. Jefferson*, 49G20-0402-FA-18942. He filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because Jefferson's claims are all either procedurally defaulted or fail on the merits, the petition is denied.

**I.    BACKGROUND**

In deciding this habeas petition, the court must presume the facts set forth by the state courts are correct. 28 U.S.C. § 2254(e)(1). It is Jefferson's burden to rebut this presumption with clear and convincing evidence. *Id.* On direct appeal, the Indiana Court of Appeals set forth the facts surrounding Jefferson's offenses as follows:

> Indianapolis Police Officer Jeffrey McPherson received information from a confidential informant and a DEA document from one of the detectives in his office advising that [Petitioner] was selling cocaine in Indianapolis.
>
> On February 2, 2004, Officer McPherson performed a trash pull at [Petitioner's] residence. Specifically, Officer McPherson pulled the trash from directly behind [Petitioner's] residence in an area "consistent with a trash collection agency picking it up" on a collection day when trash cans placed out by other residents in the neighborhood "were lined up all down the alley" for trash collection. Officer McPherson searched the trash and found "a whole bunch of baggies with the

> corners tore out of them" and marijuana, specifically "a couple of roaches, which is the end of a marijuana cigarette that had been smoked."
>
> Based upon this information, Officer McPherson filled out a probable cause affidavit. On February 3, 2004, Officer McPherson sought and received a search warrant for [Petitioner's] residence. That same day, the police executed the search warrant and recovered marijuana, sixty-six grams of crack cocaine, a "weight scale box," sandwich bags, and handguns. During a patdown search of [Petitioner], the police recovered multiple baggies of cocaine.
>
> On February 6, 2004, the State charged [Petitioner] with dealing in cocaine as a class A felony and possession of cocaine as a class C felony. On February 18, 2004, the search warrant and probable cause affidavit were filed with the trial court clerk. On April 15, 2005, [Petitioner] filed a motion to suppress evidence seized pursuant to the search warrant alleging that the affidavit was unreliable and failed to establish probable cause. After a hearing, the trial court denied the motion. On July 28, 2006, [Petitioner] filed another motion to suppress evidence seized pursuant to the search warrant. On September 26, 2006, [Petitioner] filed an addendum to his motion and argued that Officer McPherson did not have an articulable, individualized suspicion to support a search of the trash and that the results of the trash search could not be used to provide probable cause for the search warrant. After a hearing, the trial court denied the motion.
>
> At trial, Jefferson represented himself pro se and did not testify. During closing argument, Jefferson stated that he had been a drug user but had changed his life and admitted that the police had found drugs on him. The prosecutor objected on the basis that Jefferson was testifying, and the trial court sustained the objections.
>
> After the jury trial, the jury found Jefferson guilty as charged. The trial court entered judgment of conviction only on the offense of dealing cocaine as a class A felony due to double jeopardy concerns. The trial court sentenced Jefferson to fifty years in the Department of Correction.

*Jefferson v. State*, 891 N.E.2d 77, 79-80 (Ind. Ct. App. 2008).

Jefferson appealed his conviction, arguing that the trial court erred in admitting the evidence discovered pursuant to the search because the trash pull was unconstitutional and also because the affidavit was not timely filed with the court. (DE 6-3.) In addition, Jefferson argued that the trial court had improperly limited his ability to present a defense. (*Id*.) The appellate court affirmed Jefferson's conviction and sentence. *(*DE 6-5.*)* Jefferson sought review by the

Indiana Supreme Court, raising only one claim; whether the trash pull during the execution of the search warrant violated Indiana law. (DE 6-6.) The Indiana Supreme Court denied transfer. (DE 6-2.)

On August 24, 2009, Jefferson filed a petition for post-conviction relief. *Jefferson v. State*, No. 49G20-0402-PC-18942. (DE 6-7; DE 6-11.) Following an evidentiary hearing, the trial court denied the petition. (DE 6-7.) Jefferson appealed, claiming: (1) trial counsel was ineffective for failing to challenge the probable cause affidavit because it did not contain an oath or affirmation and was untimely filed; (2) appellate counsel was ineffective for failing to raise a speedy trial violation under Indiana Criminal Rule 4(C) and for not sufficiently challenging the probable cause affidavit as it failed to contain an oath or affidavit; (3) Jefferson's speedy trial rights under Indiana Criminal Rule 4(C) were violated; and (4) the post-conviction court abused its discretion in failing to grant Jefferson's motion for a change of venue. (DE 6-8; DE 6-9.) The Indiana Court of Appeals denied Jefferson's appeal and affirmed the denial of post-conviction relief. (DE 6-11.) Jefferson sought transfer with the Indiana Supreme Court raising two claims: (1) appellate counsel was ineffective for failing to raise a speedy trial violation; and (2) appellate counsel was ineffective for failing to challenge the probable cause affidavit for missing an affidavit or oath and for being untimely filed. (DE 6-12.) The Indiana Supreme Court denied transfer. (DE 6-8.)

On July 14, 2014, Jefferson filed this federal habeas petition raising claims that his trial counsel was ineffective for: (1) failing to conduct an appropriate investigation into the facts and circumstances of the case; (2) failing to challenge the untimely filed probable cause affidavit and search warrant for Jefferson's residence; (3) failing to request that the State disclose identifying

-3-

information of State and Federal officials investigating Jefferson, the confidential informant, or the D.E.A. document that identified Jefferson as a dealer of illegal drugs; and (4) failing to establish the reliability of the information, credibility of the sources, and the factual basis for information furnished by the police. He also alleges that his appellate counsel was ineffective for: (1) failing to contact an attorney that represented Jefferson before trial; (2) failing to present a cogent argument regarding the timing of the filing of the probable cause affidavit; (3) failing to raise a speedy trial violation; and (4) failing to challenge the probable cause affidavit because it did not contain an oath or affirmation. (DE 1.)

**II.    ANALYSIS**

This petition is governed by the provisions of the Anti-Terrorism and Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court can grant an application for habeas relief if it meets the requirements of 28 U.S.C. § 2254(d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim---
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Before considering the merits of a habeas petition, a federal court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). The exhaustion requirement is premised on concerns of comity; the state courts must be given the first opportunity to address and correct violations of their prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). For that opportunity to be meaningful, the petitioner must fairly present his constitutional claims in one complete round of state review. *Baldwin v. Reese*, 541 U.S. 27, 30-31 (2004); *Boerckel*, 526 U.S. at 845.

The companion procedural default doctrine, also rooted in comity concerns, precludes a federal court from reaching the merits of a habeas petition when either: (1) the claim was presented to the state courts and was denied on the basis of an adequate and independent state procedural ground; or (2) the claim was not presented to the state courts and it is clear those courts would now find the claim procedurally barred under state law. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991); *Perruquet*, 390 F.3d at 514. When a habeas petitioner fails to fairly present his claim to the state courts and the opportunity to raise that claim has now passed, the claim is procedurally defaulted. *Boerckel*, 526 U.S. at 853-54.

### A.    Procedurally Defaulted Claims

The respondent argues that all of Jefferson's claims of trial counsel's ineffectiveness as well as Jefferson's claim that appellate counsel was ineffective for not contacting his prior attorney are procedurally defaulted because they were not presented in one complete round of state review. It is undisputed that Jefferson did not raise any of these claims to the Indiana

Supreme Court. (DE 6 at 9.) However, relying on *Hogan v. McBride*, 74 F.3d 144 (7th Cir. 1996), Jefferson claims that he was not required to do so because the court of appeals adjudicated them on the merits. The law has changed since *Hogan* was decided. In 1998, the United States Supreme Court issued its opinion in *Boerckel*, which held that a prisoner who fails to present his claims in a petition for discretionary review to a state court of last resort has not properly presented his claims to the state courts. 526 U.S. at 848. As a result, Jefferson was required to present all of his claims to the Indiana Supreme Court before pursuing them here. Because he did not raise these claims in one complete round of state review, they are procedurally defaulted. *Id.* (a prisoner who fails to present his claims in a petition for discretionary review to a state court of last resort has not properly presented his claims to the state courts); *Hough v. Anderson*, 272 F.3d 878, 892 (7th Cir. 2001) (petitioner who failed to raise his claims in a petition to transfer with the Indiana Supreme Court procedurally defaulted those claims).

In addition, Jefferson's claim that appellate counsel was ineffective for failing to challenge the probable cause affidavit on the basis that it was not timely filed was raised for the first time before the Indiana Supreme Court in his petition to transfer. Indiana law forbids parties from raising new claims in a petition to transfer, in a petition for rehearing, or in a reply brief. *See Donnegan v. State*, 889 N.E.2d 886, 893 (Ind. Ct. App. 2008) (citing *Bunch v. State*, 778 N.E.2d 1285, 1290 n. 3 (Ind. 2002) (affirming that an issue not raised in the appellant's principal brief is waived); *Paramo v. Edwards*, 563 N.E.2d 595, 600 (Ind. 1990) (finding that the defendants waived an issue raised for the first time in their brief in support of petition to transfer). Thus, this claim, too, is procedurally defaulted.

A habeas petitioner can overcome a procedural default by showing both cause for failing to abide by state procedural rules and a resulting prejudice from that failure. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977); *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008), *cert. denied*, 129 S. Ct. 2382 (2009). Cause sufficient to excuse procedural default is defined as "some objective factor external to the defense" which prevented a petitioner from pursuing his constitutional claim in state court. *Murray v. Carrier*, 477 U.S. 478, 492 (1986). Jefferson filed a 55-page traverse[1] in support of his petition, but he does not assert any basis for this court to excuse his procedural default, and instead focuses on the merits of his claims. (*See* DE 15, 15-1.) Because the claims are procedurally defaulted, the court is precluded from reaching them on the merits in this proceeding.

A habeas petitioner may also overcome a procedural default by establishing that the court's refusal to consider a defaulted claim on the merits would result in a fundamental miscarriage of justice. *House v. Bell*, 547 U.S. 518, 536 (2006); *Coleman*, 501 U.S. at 750. Under this narrow exception, the petitioner must establish that "a constitutional violation has resulted in the conviction of one who is actually innocent of the crime." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A petitioner who asserts actual innocence "must *demonstrate* innocence; the burden is his, not the state's . . . ." *Buie v. McAdory*, 341 F.3d 623, 626-27 (7th Cir. 2003) (emphasis in original). Jefferson does not demonstrate any such fundamental miscarriage of justice would occur.

Because Jefferson does not show cause and prejudice for his failure to present these claims in one complete round of state review or that any fundamental miscarriage of justice

---

[1] On April 10, 2015, Jefferson filed a motion for an extension of time to file his traverse. (DE 14) However, because he filed his traverse two weeks later, before the motion was ruled on, the motion is moot.

would occur if the claims are not addressed, these claims are procedurally defaulted and cannot be reviewed on their merits.

B.      **Preserved Claims of Ineffective Assistance of Appellate Counsel**

Jefferson has preserved two ineffective assistance of appellate counsel claims. He argues that appellate counsel was ineffective for: (1) failing to raise a speedy trial violation; and (2) failing to challenge the probable cause affidavit because it did not contain an oath or affirmation.

Under the Sixth Amendment, a criminal defendant is entitled to "effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." *Bobby v. Van Hook*, 558 U.S. 4, 16 (2009). To prevail on such a claim, the petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668 (1984). A claim of ineffective assistance of appellate counsel is also subject to the *Strickland* analysis. *Howard v. Gramley*, 225 F.3d 784, 789-90 (7th Cir. 2000). On the deficiency prong, "[w]hen a claim of ineffective assistance of counsel is based on failure to raise viable issues, the district court must examine the trial court record to determine whether appellate counsel failed to present significant and obvious issues on appeal." *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986). Appellate counsel, however, is not required to argue every nonfrivolous issue; rather, counsel is entitled to, and should, select for argument the strongest issues while omitting the rest. *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). "The failure of appellate counsel to raise an issue on appeal requires the court to compare the issue not raised in relation to the issues that were raised; if the issue that was not raised is 'both obvious and clearly stronger' than the issues raised, the appellate

counsel's failure to raise the neglected issue is objectively deficient." *Sanders v. Cotton*, 398 F.3d 572, 585 (7th Cir. 2005) (citing *Lee v. Davis*, 328 F.3d 896, 900-01 (7th Cir. 2003)). On the prejudice prong, the petitioner must demonstrate that if the argument had been raised, there is "a reasonable probability that his case would have been remanded for a new trial or that the decision of the state trial court would have been otherwise modified on appeal." *Howard*, 225 F.3d at 790. Where the underlying argument has no merit, an ineffective assistance claim cannot succeed, because "[f]ailure to raise a losing argument, whether at trial or on appeal, does not constitute ineffective assistance of counsel." *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996).

This court's review of the state court's application of *Strickland* is not *de novo*. Because Jefferson's ineffective assistance of counsel claims were rejected in state court, the question is not whether this court "'believes the state court's determination' under the *Strickland* standard 'was incorrect but whether the determination was unreasonable, a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (*quoting Schriro v. Landrigan*, 550 U.S. 465, 478 (2007)). In addition, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Id.* (*citing Youngblood v. Alvarado*, 541 U.S. 652, 664 (2004)). This creates a "doubly deferential" standard of review here. *Id.* With these principles in mind, each of Jefferson's claims will be examined.

1. **Appellate counsel's failure to a raise speedy trial violation.**[2]

---

[2] In his petition, Jefferson attempts to argue that his appellate counsel was ineffective for not raising both his federal and state speedy trial rights. However, he is limited to the arguments he raised in state court. In the state courts, Jefferson argued only that his appellate counsel was ineffective for failing to raise a speedy trial violation under state law, not federal law. (See DE 6-9 at 20-22.) Notably, for a federal claim to have been fairly presented, both the operative

In his petition, Jefferson argues that his appellate counsel was ineffective for failing to raise a speedy trial violation on appeal. (DE 1 at 4.) Specifically, Jefferson claims his right to effective assistance of counsel was violated when his appellate counsel failed to raise a speedy trial claim under Indiana Criminal Rule 4(C).

Under Indiana Criminal Rule 4(C):

> No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar. . . . [A] trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance.

Ind. Crim.R. 4(C).

In analyzing the merits of Jefferson's claim, the Indiana Court of Appeals found:

> Jefferson has not demonstrated that the Criminal Rule 4 issue was "clearly stronger" than the issues raised by his appellate counsel. As the State points out, "[a]lthough this case pended for several years, less than 365 days of that time is delay that was not caused or acquiesced in by Petitioner." Jefferson maintains that 310 days of delay

---

facts and controlling law must have been placed before the state court so that it is "sufficiently alerted to the federal constitutional nature of the issue to permit it to resolve that issue on a federal basis." *McDowell v. Lemke*, 737 F.3d 476, 482 (7th Cir. 2013) (citation omitted). A review of Jefferson's post-conviction appellate brief, and the law and arguments contained within, show that Jefferson did not invoke any ineffective claims based on counsel failing to raise his federal speedy trial rights, did not rely on federal cases that applied such a constitutional analysis, nor did Jefferson otherwise call to mind such a federal claim. Not surprisingly, the court of appeals addressed only whether his appellate counsel was ineffective for failing to raise a state law speedy trial claim under Indiana Criminal Rule 4(C). (DE 6-11 at 8-10.) Because Jefferson did not present the claim that his appellate attorney failed to raise a federal speedy right claim to the Indiana courts, he can not pursue that argument here.

This is not consequential, however. Sixth Amendment speedy trial issues are analyzed under the test enunciated in *Barker v. Wingo,* in which the U.S. Supreme Court identified the following factors to be reviewed: (1) length of delay; (2) reason for delay; (3) the defendant's assertion of the right; and (4) the prejudice to the defendant. 407 U.S. 514, 530 (1972). To start, the reason for delay largely rested with Jefferson and his co-defendant's requests. In addition, there is nothing in the record to show that Jefferson objected to any of his co-defendant's continuances until the eve of trial. Nor does the court find any resulting prejudice. Thus, there can be no federal speedy trial violation. And, appellate counsel cannot be deemed ineffective for failing to raise it.

> due to a codefendant's motions to continue should not be attributable to him for purposes of Criminal Rule 4.
>
> ***
>
> Here, Jefferson did not request a separation of trials, and he did not object to his codefendant's multiple motions for continuance. Accordingly, he has not shown that, had his appellate counsel raised this issue on appeal, this court would have reversed his conviction on that ground.

(DE 6-11 at 9-10.)

The court of appeals found that, in light of Jefferson's failure to object to any delays by his co-defendant, failure to object to the consolidation of the cases, and failure to request separate trials in light of the delays, there was no underlying Indiana Criminal Rule 4(C) speedy trial violation. As such, it concluded that Jefferson failed to show that "had his appellate counsel raised [the speedy trial] issue on appeal, this court would have reversed his conviction." (DE 6-11 at 10.) Therefore, the court of appeals found that appellate counsel was not ineffective for failing to choose not to raise the claim.

Because the court determined this claim to have no merit, it was correct and reasonable to find that appellate counsel was not required to raise that issue on appeal. *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996) ("Failure to raise a losing argument, whether at trial or on appeal, does not constitute ineffective assistance of counsel."). Jefferson cannot demonstrate any reasonable probability that the result of his appeal would have been different had this meritless state law claim been raised. *McNary v. Lemke*, 708 F.3d 905, 921 (7th Cir. 2013). Jefferson did not in his PCR - and likely could not - explain how this issue not raised by appellate counsel is "both obvious and clearly stronger" than the issues actually raised by his appellate counsel. This court concludes that the Indiana Court of Appeals correctly applied the standards of *Strickland* to the facts of this case and that Jefferson has not met his burden of establishing either that his

appellate counsel's performance was deficient, or that had his appellate counsel performed differently there existed a reasonable probability of a different outcome. (Ex. J at 9-10.)

Jefferson spends a significant amount of time attempting to explain why the court of appeals misapplied Indiana Criminal Rule 4(C). However, to the extent Jefferson is claiming an error in the application of Indiana Criminal Rule 4(C), a state law, this does not provide a cognizable basis for granting federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas relief is only available for a violation of the U.S. Constitution or other federal laws).

As a final note, Jefferson argues that the state appellate court's decision rested on an unreasonable determination of facts. However, upon review, Jefferson is not actually challenging any determination of the facts; instead, he challenges the court of appeals' legal determination of the amount of time that was deemed excludable in the speedy trial analysis. But, as explained above, this court's job is not to second guess the state court's legal determinations of Indiana law. Nevertheless, the court of appeals found that in light of Jefferson's failure to object to any delays by his co-defendant, objection to the consolidation of the cases, and failure to request separate trials in light of the delays, Jefferson could not show a speedy trial violation. In evaluating this finding, the court inquires whether the state court's decision "rests upon fact-finding that ignores the clear and convincing weight of the evidence." *Goudy v. Basinger*, 604 F.3d 394, 399-400 (7th Cir. 2010). To find in Jefferson's favor, the decision must be "so inadequately supported by the record" as to be "arbitrary and therefore objectively unreasonable." *Ward v. Sternes*, 334 F.3d 696, 704 (7th Cir. 2003). This evaluation must be conducted "in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

Here, Jefferson did not provide any evidence to that state courts establishing that his speedy trial rights were violated. While the trial court's chronological case summary shows that there were numerous hearings where continuances were granted, (DE 6-1), those hearings were not transcribed and Jefferson did not have them transcribed or submitted as evidence. Thus, the record before the state court on appeal reasonably supports that court's conclusion that Jefferson did not object, and thus constructively agreed, to the delay under Indiana Criminal Rule 4(C). Jefferson has not shown the court's determination was against the clear and convincing weight of the evidence, and therefore did not show that its ruling rested on an unreasonable determination of fact. Thus, habeas relief is not warranted on this claim.

**2.     Appellate counsel's failure to raise the faulty probable cause affidavit.**

Jefferson contends his appellate counsel was ineffective for failing to challenge the allegedly faulty probable cause affidavit on that basis that it was not made under oath. However, on direct appeal, the Indiana Court of Appeals found that claim to be waived. (DE 6-11 at 11.) And, during post conviction proceedings, the Indiana Court of Appeals determined that Jefferson failed to establish that the alleged error should have been raised by counsel on direct appeal since it was meritless. (DE 6-11.) Though Jefferson takes issue with the application of Indiana law on this point, such an argument, this does not provide a cognizable basis for granting federal habeas relief. *Estelle*, 502 U.S. at 67-68.

Since the Indiana Court of Appeals determined this claim to have no merit, it found that appellate counsel was not required to raise that issue on appeal. Such a determination was a correct and reasonable application of *Strickland*. *Stone*, 86 F.3d at 717. Clearly, Jefferson cannot

demonstrate any reasonable probability that the result of his appeal would have been different had this meritless[3] state law claim been raised. *McNary*, 708 F.3d at 921. Nor could he show that his appellate counsel should have raised this meritless claim instead of the other claims raised. As a result, this claim does not warrant habeas relief.

## III.    CERTIFICATE OF APPEALABILITY

Pursuant to RULE 11 of the RULES GOVERNING SECTION 2254 CASES, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). For the reasons fully explained above, all but two of Jefferson's claims are procedurally defaulted, and he has not provided any meritorious basis for excusing his default. And, as to his preserved claims, Jefferson has not made a substantial showing of the denial of a constitutional right, nor could jurists of reason debate the outcome of the petition or find a reason

---

[3] At trial, Jefferson objected to Officer McPherson's probable cause affidavit because it was not "sworn under the penalties of perjury according to IC 35-44-2-1. (Trial Tr. 237.) However the objection was for naught as the affidavit in this case was made under oath. (Trial Exhibits; States's Ex. 2, at 4.) Thus, this claim was without merit.

Moreover, during his post-conviction appeal, Jefferson did not explain or provide any evidence or case law establishing that the affidavit was faulty. He simply asserted that appellate counsel was ineffective for failing to raise this "meritorious issue."

to encourage Jefferson to proceed further. Accordingly, the court declines to issue Jefferson a certificate of appealability.

## IV. CONCLUSION

For the reasons set forth above, the court:

(1) **DENIES** the petition (DE 1);

(2) **DENIES AS MOOT** the motion for an extension of time to file a traverse (DE 14); and

(3) **DENIES** the petitioner a certificate of appealability.

SO ORDERED.

ENTERED: March 4, 2016

 s/William C. Lee  
William C. Lee, Judge  
United States District Court
